IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MARK GALLOWAY,                                                                                        PLAINTIFF
ADC #164195

v.                                          4:19-cv-00734-KGB-JJV

SALINE COUNTY DETENTION CENTER                                                  DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.   Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. INTRODUCTION

Mark Galloway ("Plaintiff") is a pretrial detainee at the Saline County Detention Center ("SCDC").  He has filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging his constitutional rights were violated.  (Doc. No. 2.)  After careful review, I find the Complaint should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### II. SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(A)(b).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The factual allegations must be weighted in favor of Plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "In other words, the § 1915(d) frivolousness determination,

frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.* But regardless of whether a plaintiff is represented or appearing *pro se*, his "complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly,* 550 U.S. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief. *Id*. at 557.

Title 42 of the United States Code, section 1983 allows an individual to bring suit against persons who, under color of state law, have caused him to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983 (1996). Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted). In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### III. PLAINTIFF'S COMPLAINT

Plaintiff alleges that, on an unspecified date, he slipped on water in the SCDC bathroom, fell and injured his hand, and was denied medical care for his injury. (Doc. No. 2.) I conclude the Complaint fails to state a claim upon which relief may be granted for several reasons.

First, the only named Defendant is the SCDC.  But, jails are not proper defendants in a § 1983 action.  *See Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *Williams v. Pulaski Cnty. Det. Facility*, Case No. 07-3851, 2008 WL 2079104 (8th Cir. May 19, 2008) (unpublished opinion).

Second, to plead a plausible conditions of confinement claim, there must be facts suggesting: (1) objectively, Plaintiff was subjected to conditions that created a substantial risk of serious harm to his health or safety; and (2) subjectively, a defendant was deliberately indifferent to the risk of harm posed by those conditions.  *See Kulkay v. Roy,* 847 F.3d 637, 642-43 (8th Cir. 2017); *Davis v. Oregon Cnty., Mo.*, 607 F.3d 543, 548 49 (8th Cir. 2010).  Deliberate indifference, which is a higher standard than mere negligence, is defined as a "reckless disregard of the known risk." *Holden v. Hirner,* 663 F.3d 336, 341 (8th Cir. 2011); *Reyolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).  Plaintiff's allegation that he slipped and fell on water in the SCDC bathroom is a classic example of negligence, which is insufficient to plead a plausible § 1983 conditions of confinement claim.  *See Davis v. Dorsey*, 167 F.3d 411, 412 (8th Cir. 1999); *Walker v. Reed,* 104 F.3d 156, 157 58 (8th Cir. 1997).

Finally, to plead a plausible inadequate medical care claim, the Complaint must contain facts suggesting a SCDC defendant was deliberately indifferent to Plaintiff's need for treatment for his hand injury.  *See Barton v. Taber*, 908 F.3d 1119, 1123–24 (8th Cir. 2018); *Jackson v. Buckman,* 756 F.3d 1060, 1065 (8th Cir. 2014).  Plaintiff has not named the individuals who allegedly denied him medical care, explained how they did so, or otherwise provided any facts satisfying the deliberate indifference requirement.  Thus, he has not pled a plausible § 1983 inadequate medical care.

Importantly, I have previously brought these pleading deficiencies to Plaintiff's attention,

gave him an opportunity to file an Amended Complaint correcting them, and cautioned him that I would recommend dismissal if he failed to do so. (Doc. No. 3.) Plaintiff has not filed an Amended Complaint, and the time to do so has expired.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" under 28 U.S.C. § 1915(g).[1]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order and Judgment adopting these recommendations would not be taken in good faith.

DATED this 2nd day of December 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."